**6**

THOMAS G. MOUZES (SBN 99446)
MARK GORTON (SBN 99312)
**BOUTIN JONES INC.**
Attorneys at Law
555 Capitol Mall, Suite 1500
Sacramento, CA 95864
Tel: 916.321.4444
Fax: 916.441.7597
Email: tmouzes@boutinjones.com
        mgorton@boutinjones.com

Robert J. Yorio (SBN 93178)
**CARR & FERRELL LLP**
120 Constitution Drive
Menlo Park, California 94025
Tel: (650) 812-3400
Fax: (650) 812-3444
Email: yorio@carrferrell.com

Attorneys for
Prabhakar Goel, Goel Family Ventures I LP
and Econergy, Inc.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

(Sacramento Division)

| | |
|---|---|
| In re<br><br>JASPAL SINGH DEOL,<br><br>              Debtor. | Case No. 18-23885-C-13<br><br>**Docket Control No. DPC-1**<br><br>**STATEMENT IN SUPPORT OF TRUSTEE'S MOTION TO DISMISS CASE**<br><br>Date:         July 19, 2019<br>Time:        9:00 a.m.<br>Department:  E<br>Courtroom:   33<br>Place:        501 I Street, 6th Fl.<br>               Sacramento, CA 95814<br>Judge:       Hon. Christopher M. Klein |

Prabhakar Goel, Goel Family Ventures I LP, and Econergy, Inc. (the "Goel Creditors"), creditors and parties in interest in this bankruptcy case, respectfully submit this Statement In Support of the Trustee's Motion Dismiss.

1

---

Statement In Support of Dismissal
1019474.1

# BACKGROUND

## A. *The Prepetition Dispute and Arbitration.*

As this Court is well aware by now, the Goel Creditors and Debtor engaged in 4 years of arbitration, including 11 days of trial and numerous post-trial proceedings over disputes between the parties concerning the development and financing of a solar energy plant in India. Debtor lost in that litigation.

As part of the arbitrator's conclusions, he ordered Debtor to pay the sum of $352,308.59 on account of his secured personal guaranty to Prabhu Goel within 30 days of June 21, 2017 or the security property – Debtor's stock in Econergy and the real property in India - would be ordered transferred. JAMS Arbitration Case No. 1110016365 Further Partial Final Award ("FPFA"), p. 50, attached as Exhibit B to Debtor's Exhibits in Support of Motion to Confirm Second Amended Chapter 13 Plan, Docket 91. Debtor failed to make the payment and the arbitrator determined at a hearing on August 4, 2017 that Debtor had not paid and did not intend to pay. Accordingly, the arbitrator ordered Debtor to turn over the stock and real property. FPFA, p. 55.

The arbitrator then conducted valuation proceedings to determine the value of the security property and required Prabhu to pay Debtor that value less the amount of the guaranty award. Prabhu's payment to Debtor, however, would not be due until Debtor had fully and completely affected the transfer of the security property. FPFA, pp. 64-65. Notwithstanding Debtor's executory obligations to finalize the transfer, the arbitrator concluded that Prabhu became owner of all right, title and interest in the stock and real property when the turnover order transferred the property. The transfer date for valuation was agreed by the parties to be October 2017 (no day specified). FPFA, p. 58.

Despite the arbitrator's 2017 transfer and turnover orders, Debtor continued to resist cooperating in the transfer of record title to the real property. Goel Creditors proceeded in Superior Court to obtain injunctions in support of the arbitrators transfer orders. *See* Superior Court Order entered September 11, 2017, attached as Exhibit D to Request for Judicial Notice, Docket 46.

Debtor attempted to have two of the arbitration awards set aside, but the Superior Court denied those Motions. Declaration of Robert Yorio ¶ 17, Docket 43. On May 24, 2018, the Superior

2

Statement In Support of Dismissal
1019474.1

Court denied those Motions. *See* Superior Court Order, attached as Exhibit I to Request for Judicial Notice, Docket 46.

    B. *The Postpetiton Stay Modification and Judgment Confirming the Award*.

Before the Goel Creditors could have the arbitration award ministerially reduced to a judgment by the Superior Court, Debtor filed this chapter 13 case on June 20, 2018.

On October 31, 2018, this Court modified the automatic stay so that confirmation of the arbitration award could be sought from the Superior Court. Enforcement of any judgment confirming the arbitration award remained subject to the automatic stay. Order, Docket 87.

The Superior Court confirmed the arbitration award by issuance of its Order to Confirm Final Arbitration Award and its Judgment, each issued on January 10, 2019, copies of which are filed as Exhibits A and B to Goel Creditors' response to Debtor's motion to confirm his plan. Exhibits, Docket 109. The Order and Judgment, among other things, award:

1. To Prabhu against Econergy, $787,794.71 for the balance due plus interest on his Loan Agreement.
2. To Debtor against Prabhu, $624,291.41 for the excess value of the stock and real property payable once the shares and land have been fully transferred to Prabhu.
3. To GFV against Deol, $512,472.57 for the wrongfully taken and withheld dividends plus interest.
4. To Prabhu and GFV against Debtor and Econergy, jointly and severally, $1,218,658.38 for attorneys' fees and costs (including expert fees and arbitration fees).
5. To Debtor against Econergy, $155,884.01 for net rent due from the March 2, 2012 date of plant commissioning to the October 1, 2017 valuation date for Debtor's transfer of the security property to Goel.
6. To Prabhu, GFV and Econergy against Debtor for indemnity from Econergy taxes.

    C. *Debtor Is Not Eligible For Chapter 13 Relief*.

The issue of eligibility in this case has been previously raised and is not going away. The Trustee and the Goel Creditors in response to Debtor's motion to confirm his second amended plan filed objections to the proposed plan, including on the grounds that Debtor is not eligible for any

Statement In Support of Dismissal
1019474.1

Chapter 13 relief. See Docket 99, 108 and 109. In response, this Court denied confirmation of Debtor's plan, including noting the lack of eligibility for relief under Chapter 13. Docket No. 111, 112.

As the Goel Creditor previously raised, the continued pre-petition and post-petition legal maneuvering of Debtor raises fundamental bankruptcy issues and this case should be dismissed.

1. <u>Debtor does not qualify for Chapter 13 relief</u>. (11 U.S.C. § 109(e); 11 U.S.C. § 1325(a)(7)).

    A.    The unsecured debt limit for a chapter 13 debtor is $394,725. See 11 U.S.C. § 109(e). While Debtor scheduled unsecured claims of only $5,300.00, he clearly knew at the time of filing that the final arbitration award had ordered him to pay Prabhu and GFV more than $1 million. Debtor's failure to accurately disclose in the Schedules the arbitration award is a violation of his duty to accurately identify his assets and liabilities. See *In re Mohring*, 142 B.R. 389, 395 (Bankr.E.D.Cal. 1992). This failure raises questions about whether the schedules were prepared in good faith and whether Debtor is merely trying to game the system.

    B.    "[T]he bankruptcy court should normally look to the petition to determine the amount of debt owed, checking only to see that the schedules were made in good faith." *In re Scovis*, 249 F.3d 975, 982 (9th Cir.2001) (emphasis added). Here, the schedules have not been filed in good faith when the prepetition arbitration award is clearly known and the Superior Court's decisions not to vacate the award are matters of public record and readily the subject of judicial notice. See, e.g., *Guastella v. Hampton (In re Guastella),* 341 B.R. 908, 916-917 (9th Cir.BAP 2006).

    C.    The Full Faith and Credit Act requires the federal courts to give a prior state court judgment the same preclusive effect that it would be given in subsequent proceedings in the same state. 28 U.S.C. § 1738; see *Migra v. Warren City School District Bd. Of Ed.*, 465 U.S. 75, 84–86, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Allen v. McCurry*, 449 U.S. 90, 94–97, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Morris v. Jones*, 329 U.S. 545, 551, 67 S.Ct. 451, 91 L.Ed. 488 (1947).

    D.    The arbitration award (including injunctions) has been confirmed by Order and Judgment of the Superior Court and is entitled to full recognition by the federal courts unless and until vacated by the state court.

E. Any contention by Debtor that the claims of Prabhu and GFV are disputed, contingent or unliquidated are without factual basis and merely further evidence of Debtor's lack of good faith in preparing the schedules.

F. The unsecured liquidated non-contingent debt of Debtor exceeds the $394,725 eligibility cap. 11 U.S.C. § 109(e).

2. <u>The petition was not filed in good faith.</u> (11 U.S.C. § 1325(a)(7)).

A. Debtor failed to disclose the arbitration awards.

B. Debtor failed to disclose Indian Solar Energy company interest and guaranty liability (Indian Allianz). Docket 50.

3. <u>The stock and real property are not the property of Debtor.</u>

The undisputed record is clear the stock and real property were ordered transferred by Debtor in the summer of 2017, long before the filing of this case. Debtor failed to make the required payment and the arbitrator determined at a hearing on August 4, 2017 that Debtor had not paid and did not intend to pay and the arbitrator ordered Debtor to turn over the stock and real property. FPFA, p. 55.

The arbitrator then conducted valuation proceedings to determine the value of the security property and required Prabhu to pay Debtor that value less the amount of the guaranty award. Prabhu's payment to Debtor, however, would not be due until Debtor had fully and completely affected the transfer of the security property. FPFA, pp. 64-65. Notwithstanding Debtor's undisputed obligations to finalize the transfer, the arbitrator concluded that Prabhu became owner of all right, title and interest in the stock and real property when the turnover order transferred the property. The transfer date for valuation was agreed by the parties to be October 2017 (no day specified). FPFA, p. 58.

Debtor lost and cannot revisit the litigation issues determined in the case or injunctions issued. The State Court has confirmed the award and injunctions with the permission of this Court. Debtor cannot end-run years of litigation, adverse decision, and lawful orders and judgment under the ruse of an ill-conceived Chapter 13.

Debtor does not qualify for any Chapter 13 relief under any argument and Debtor should stop

abusing the Bankruptcy Code and wasting the time of the Court and the time and money of creditors in wrongfully seeking Chapter 13 relief.

If Debtor is unwilling to immediately convert this case to a chapter 7 or chapter 11, this case should be dismissed.

Respectfully submitted.

Dated: June 12, 2019.

CARR & FERRELL LLP
-and-
BOUTIN JONES INC.
Attorneys at Law

By:_____/s/ Thomas G. Mouzes_____
          Thomas G. Mouzes

Attorneys for the Goel Creditors

Statement In Support of Dismissal
1019474.1